**Harjinder SINGH, Petitioner,**

v.

**Alberto GONZALES, Attorney General, Respondent.**

No. 02–74323.
Agency No. A79–271–321.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 11, 2005.

---

**2.** *See, e.g., Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Harjinder Singh, a native and citizen of India, petitions for review of the decision of the Board of Immigration Appeals summarily affirming the immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (the "Convention"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We grant the petition in part, deny it in part, and remand for further proceedings consistent with this disposition.

We review the IJ's factual findings for substantial evidence, and we must uphold the findings unless the evidence compels a contrary result. *Singh v. Ashcroft,* 351 F.3d 435, 442 (9th Cir.2003) (Convention); *Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997) (asylum and withholding).

■ Substantial evidence supports the IJ's conclusion that the police harassed Singh to alter Singh's parents' political conduct, not on account of Singh's actual or imputed political opinion, or religion.

*See Sangha,* 103 F.3d at 1490–91. The IJ did not, however, adequately consider whether Singh was harassed on account of his membership in a particular social group—*i.e.,* his family. *See Lin v. Ashcroft,* 377 F.3d 1014, 1029 (9th Cir.2004) ("Where family membership is a sufficiently strong basis for personal persecution, the family qualifies as a 'social [group].' "). Accordingly, we grant the petition in part, and remand his asylum and withholding of removal application for further consideration.

Substantial evidence supports the IJ's conclusion that Singh is not entitled to relief under the Convention because he failed to demonstrate that the harassment he suffered amounted to torture, or that it was more likely than not that he would be tortured if returned to India. *See Gui v. INS,* 280 F.3d 1217, 1230 (9th Cir.2002).

The caption shall be amended to reflect that Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

PETITION FOR REVIEW GRANTED in part, DENIED in part; REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.